UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:  Laurie A. Todd, | Case No. 15-11083 |
| Debtor. | Chapter 11 |

APPEARANCES:

| | |
|---|---|
| Nolan & Heller, LLP<br>*Attorneys for Laurie A. Todd*<br>39 North Pearl Street<br>Albany, NY 12207 | Francis J. Brennan, Esq. |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP<br>*Attorneys for Endurance American Insurance Company*<br>88 Pine Street, 24th Floor<br>New York, NY 10005 | Kevin S. Brotspies, Esq. |

Robert E. Littlefield, Jr., United States Bankruptcy Judge

## MEMORANDUM–DECISION AND ORDER

Currently before the Court is Endurance American Insurance Company's ("Endurance") objection to the exemption claimed by Laurie A. Todd ("Debtor") in an inherited individual retirement account (the "inherited IRA"). The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157(a), (b)(1), and (b)(2).

## FACTS AND PROCEDURAL HISTORY

*Inherited Individual Retirement Account*[1]

Janet R. DiStefano, the Debtor's mother, had two individual retirement accounts ("IRAs"). The Debtor was a beneficiary of one of her mother's IRAs.[2] After Ms. DiStefano passed away on

---

[1] "An individual retirement account . . . shall be treated as inherited if – (i) the individual for whose benefit the account . . . is maintained acquired such account by reason of the death of another individual, and (ii) such individual was not the surviving spouse of such other individual." 26 U.S.C. § 408(d)(3)(C)(ii).

[2] Nancy Jean Burbridge ("Burbridge"), the Debtor's sister, was the beneficiary of their mother's other IRA. Burbridge filed a chapter 13 case (No. 15-10839) on April 21, 2015, and voluntarily dismissed her case on March 19, 2018.

1

or about February 16, 2008, the Debtor used the funds received from her mother to establish an inherited IRA through Charles Schwab. (ECF No. 101.) The parties agree that the Debtor's account was funded solely from Ms. DiStefano's bequest; the Debtor has not made any personal contributions to the inherited IRA. (ECF No. 101.) According to the Debtor's January 2018 Monthly Operating Report, the inherited IRA's book value is $800,000. (ECF No. 243.)

*Green Island Construction Group, LLC*

The dispute between Endurance and the Debtor stems from the operation of Green Island Construction Group, LLC ("Green Island"). Endurance, acting as surety, issued performance and payment bonds on behalf of Green Island. To induce Endurance to issue the bonds, the Debtor, and other family members, including Burbridge, signed a written General Agreement of Indemnity to hold Endurance harmless. (ECF No. 44; Ex. A) Pursuant to the bonds, Endurance remitted substantial sums to claimants and filed an Amended Proof of Claim indicating that it has incurred a loss of $1,769,317.00 as a result of those payments, as well as accrued interest, costs, and fees.[3] (Claim 4-2.) Prior to the filing of this bankruptcy case, Endurance commenced an action against the Debtor and the other indemnitors in state court.

*The Debtor's Case*

The Debtor filed her chapter 11 case on May 20, 2015, and claimed her inherited IRA as exempt pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") § 5205(c).[4] (ECF No. 101.) Endurance filed a timely objection to the exemption on July 15, 2015.[5] (ECF No. 44.) This matter, together with the dispute in the Burbridge case, was referred to mediation with Chief

---

[3] The Debtor filed a Motion to Disallow Endurance's claim (ECF No. 215), Endurance filed opposition (ECF No. 244), and the Motion is still pending with the Court.
[4] Unless indicated otherwise, all references to § 5205 shall refer to C.P.L.R. § 5205 (McKinney 2018).
[5] Objections to Burbridge's exemption of her inherited IRA were briefed simultaneously with the objection in the Debtor's case and that issue was ripe for determination and a component of this decision until Burbridge voluntarily dismissed her case.

Bankruptcy Judge Margaret Cangilos-Ruiz on September 3, 2015. (ECF No 55.) The parties' attempt at mediation failed and the matter was directed back to this Court on November 9, 2015. (ECF No. 76.)

On March 18, 2016, the Court issued a Briefing Order and the matter became fully submitted on April 22, 2016. On April 20, 2016, Janice DiStefano, the Debtor's sister, filed an involuntary chapter 7 petition against Stanley DiStefano, Jr., an indemnitor to Endurance and brother of the Debtor, Janice DiStefano, and Burbridge. (Case No. 16-10694; ECF No. 1.) With the additional involvement of Stanley DiStefano, Janice DiStefano, and other family members, the parties agreed to return to mediation to attempt to reach a global resolution of all of the matters pending before the Court. As such, the matters were referred back to Chief Judge Cangilos-Ruiz on August 23, 2016, who entered an order conditionally approving the terms of a settlement among the parties on September 23, 2016. (ECF Nos. 135, 148.) The litigants endeavored to reduce the settlement to writing but, despite their efforts for nearly a year, were unable able to do so. After an opportunity to supplement the record, this matter once again became fully briefed on November 3, 2017.

## ARGUMENTS

Endurance argues that the inherited IRA: (1) is not exempt pursuant to § 5205(c)(1) as the property is not held in trust for the Debtor; (2) is not exempt pursuant to § 5205(c)(2) as the inherited IRA is not "qualified" as an IRA under 26 U.S.C. § 408;[6] and (3) constitutes property of the estate pursuant to 11 U.S.C. § 541(a).[7] In opposition, the Debtor argues that the inherited IRA is a § 5205(c)(1) exempt trust because the tax code refers to inherited IRAs as trusts. The Debtor further asserts that the inherited IRA is qualified as an IRA and thus exempt pursuant to

---

[6] Unless indicated otherwise, all references to § 408 shall refer to 26 U.S.C. § 408.
[7] Unless indicated otherwise, all references to § 541 shall refer to 11 U.S.C. § 541.

3

§ 5205(c)(2). Finally, the Debtor argues that the inherited IRA is excluded from the estate pursuant to § 541(c)(2) as a § 5205(c)(3) spendthrift trust.[8]

## DISCUSSION

I.    The inherited IRA is not exempt pursuant to § 5205(c)(1)

Section 5205(c)(1) exempts from the satisfaction of a money judgment "all property while held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor . . . ." If the Debtor may use funds in the account without restriction, this exemption under § 5205(c)(1) is unavailable. *See Ondrey v. Brick (In re Ondrey)*, 1999 U.S. Dist. LEXIS 9287, at *3–4 (W.D.N.Y. June 15, 1999) (holding that "a trust account will not come within the exemption . . . where the account holder or beneficiary may withdraw funds therefrom at will"); *In re Quackenbush*, 339 B.R. 845, 853 (Bankr. S.D.N.Y. 2006) (denying exemption under § 5205(c)(1) where the debtor had reached age of majority and, therefore, had no "restriction on [her] ability to use the funds in the [a]ccount for any purpose she please[d]").

Endurance has demonstrated that the inherited IRA is not exempt under § 5205(c)(1) as the Debtor maintains exclusive control over the inherited IRA. Due to the nature of inherited IRAs, the Debtor may withdraw "funds at any time, for any reason, and without penalty." *In re Jarobe*, 365 B.R. 717, 725 (Bankr. S.D. Tex. 2007); *see also In re Marriage of Branit*, 41 N.E.3d 518, 524 (Ill. App. Ct. 2015). In fact, the Debtor continues to withdraw funds from the inherited IRA.[9] On this issue, the Debtor has not submitted any evidence which prevents the Court from finding that the Debtor has unfettered access to the funds in the inherited IRA. Therefore, the Court must

---

[8] As the objecting party, Endurance bears the burden of proof pursuant to Federal Rule of Bankruptcy Procedure 4003(c).

[9] The continued post-petition depletion of the inherited IRAs prompted Endurance to seek an order from the court to restrict the Debtor's ability to use the funds. The motion was resolved by stipulation and order. (ECF No. 235.)

4

conclude the property is not held in trust and thus the inherited IRA is not exempt under § 5205(c)(1). *See Ondrey*, 1999 U.S. Dist. LEXIS 9287, at *3–4; *Quackenbush*, 339 B.R. at 853.

Additionally, the Court rejects the Debtor's argument that the inherited IRA is exempt on the basis that it is may be considered a trust for purposes of § 408(a). The manner in which the tax code categorizes an IRA is irrelevant to the determination of whether the property is held in trust for a debtor under New York law. Indeed, the Debtor has not provided the Court with any authority for the proposition that classification as a trust by another statutory scheme establishes whether the § 5205(c)(1) trust exemption applies. For these reasons, the Debtor's argument is without merit.

II.    The inherited IRA is not exempt pursuant to § 5205(c)(2)

The question of whether an inherited IRA is exempt under § 5205(c)(2) is a matter of first impression. Section 5205(c)(2) exempts:

> [A]ll trusts, custodial accounts, annuities, insurance contracts, monies, assets or interests established as part of, and all payments from, either any trust or plan, **which is qualified as an individual retirement account** under section four hundred eight or section four hundred eight A of the United States Internal Revenue Code of 1986 . . . .

§ 5205(c)(2) (emphasis added). Courts in New York have generally declined to extend this exemption to accounts which are not specifically included within the statute. *See In re Iacono*, 120 B.R. 691, 695 (Bankr. E.D.N.Y. 1990). Therefore, in order for an inherited IRA to be exempt, the account must be "qualified as an individual retirement account under section four hundred eight . . . of the United States Internal Revenue Code of 1986 . . . ." § 5205(c)(2).

*Plain Language*

A court's "[s]tatutory analysis begins with the plain meaning of a statute." *Nat. Res. Def. Council v. Muszynski*, 268 F.3d 91, 98 (2d Cir. 2001). "'If the statutory terms are unambiguous,

5

[the court's] review generally ends and the statute is construed according to the plain meaning of its words.'" *Elliott Assocs., L.P. v. Banco de la Nacion*, 194 F.3d 363, 371 (2d Cir. 1999) (quoting *Greenery Rehab. Grp., Inc. v. Hammon*, 150 F.3d 226, 231 (2d Cir. 1998)). On the other hand, if a term of the statute is ambiguous, the court may rely on "[l]egislative history and other tools of interpretation . . . ." *Elliott*, 194 F.3d at 371 (quotations omitted). "A statute is ambiguous if its terms are 'susceptible to two or more reasonable meanings.'" *Rabin v. Wilson-Coker*, 362 F.3d 190, 196 (2d. Cir. 2004) (quoting *Muszynski*, 268 F.3d at 98). Whether a statute is ambiguous is determined "by examining its language, the context in which the language is used, and the broader context of the statute as a whole." *Rabin*, 362 F.3d at 196 (quoting *Freier v. Westinghouse Elec. Corp.*, 303 F.3d 176, 197 (2d Cir. 2002)).

*§ 5205(c)(2) is Ambiguous*

Section 5205(c)(2) exempts any trust or plan "which is qualified as an individual retirement account under [§ 408]," but neither the word "qualified" nor the term "individual retirement account" is defined within § 5205. Since § 5205 specifically refers to § 408, the Court must also look to the applicable sections of the Internal Revenue Code for guidance. Although no relevant subsection of § 408 uses the word "qualified," § 408(a) states "the term 'individual retirement account' means a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries, but only if the written governing instrument creating the trust meets [six] requirements . . . ."

While § 408(a) defines IRA, the Court must consider the broader context of the statute to determine the meaning of "qualified" as it is not defined in either statute. *See City of N.Y. v. Beretta U.S.A. Corp.*, 524 F.3d 384, 400–01 (2d Cir. 2008) ("The meaning of the term 'applicable' must be determined here by reading that term in the context of the surrounding language and of

6

the statute as a whole."). In this regard, a trust satisfying § 408(a)'s requirements is entitled to special treatment under the tax code. For example, an individual contributing to his or her IRA may deduct the contribution from his or her taxable income. *See* 26 U.S.C. § 219(a). Additionally, income earned on property in an IRA is not taxed, and, instead, only distributions from an IRA are taxed as income. *See* 26 U.S.C. §§ 408(d), (e).

However, the tax code does not treat all accounts falling within the broad definition of an IRA identically. Inherited IRAs do not receive the same benefits and are subject to additional limitations while other IRAs are not. For instance, inherited IRAs are denied the tax benefit of rollover treatment. 26 U.S.C. § 408 ("[I]nherited [IRAs] . . . shall not be treated as an individual retirement account . . . for purposes of determining whether any other amount is a rollover contribution."). Moreover, the holder of an inherited IRA may never contribute to the account. 26 U.S.C. § 219(d)(4). Further, inherited IRA holders must either withdraw the entire balance within five years of the decedent's passing or take required yearly minimum distributions based on life expectancy. *See* 26 U.S.C. §§ 401(a)(9)(B)(ii), 408(a)(6).

When § 5205 is read in the context of not only § 408 but the Internal Revenue Code more broadly, the use of the word "qualified" renders the phrase "qualified as an individual retirement account under [§ 408]" susceptible to two or more reasonable interpretations. *See Muszynski*, 268 F.3d at 97–99 (finding the term "total maximum ***daily*** load" ambiguous after considering the "overall structure and purpose" of the statute and holding that regulations setting ***annual*** maximum loads could be within the meaning of the statute) (emphasis added). On one hand, since § 408(a) defines the term IRA, a reader could reasonably conclude that any trust or plan which meets the

7

six requirements of § 408(a) is "qualified" as an IRA. Such a reading interprets "qualified" to mean "is" or "defined as," and would exempt inherited IRAs under § 5205(c)(2).[10]

On the other hand, considering that inherited IRAs do not receive the same tax benefits as traditional IRAs, "qualified" could be read to refer only to IRAs which "qualify" for all of the tax benefits available for an IRA. If tax treatment is the measure for "qualified" status, the exemption may not apply as inherited IRAs are treated differently from traditional IRAs. Thus, the Court concludes the phrase "qualified as an individual retirement account" is ambiguous and additional analysis is necessary to discern the intent of § 5205(c)(2).

*Legislative History*

Since § 5205(c)(2) is ambiguous, this Court may "look to legislative history as a means of determining [legislative] intent." *Freier*, 303 F.3d at 197. The focus during this analysis is on "the broader context and primary purpose of the statute." *Elliott*, 194 F.3d at 371 (internal quotations omitted). Additionally, this Court must remain "cognizant of the Supreme Court's admonition that 'statutes should be interpreted to avoid untenable distinctions and unreasonable results whenever possible.'" *Id.* (quoting *Am. Tobacco Co. v. Patterson*, 456 U.S. 63, 71 (1982)).

A review of the legislative history establishes that the purpose of § 5205(c)(2) is to protect individuals' accounts established for their retirement. In the 1980s, several bankruptcy courts held that various retirement accounts were not exempt. *See In re Brooks*, 844 F.2d 258, 264 (5th Cir. 1988) (ERISA pension plan); *In re Gribben*, 84 B.R. 494, 498 (S.D. Ohio 1988) (retirement plan established by the debtor's employer); *In re Hansen*, 84 B.R 598, 604 (Bankr. D. Minn. 1987)

---

[10] This Court rejects Endurance's argument that the question of whether an inherited IRA is exempt is conclusively answered by § 408(d)(3)(C)(i)(II), which indicates that an "inherited [individual retirement] account or annuity shall not be treated as an individual retirement account for purposes of determining whether any other amount is a rollover contribution." While § 408(d)(3)(C)(i)(II) makes clear that an inherited IRA is treated differently from an IRA for rollover purposes, the Court does not read this section as excluding an inherited IRA from the definition of IRA.

8

(Company Stock Purchase and Investment Plan); *In re Pilkington*, 89 B.R. 911, 915 (N.D. Ala. 1987) (ERISA thrift plan); *In re Boon*, 90 B.R. 988, 994 (Bankr. W.D. Mo. 1987) (ERISA pension and profit sharing plans). These decisions prompted the legislature to amend § 5205(c)(2) several times in an effort to eliminate the chance that individuals' retirement accounts could be administered in bankruptcy proceedings in New York.

In 1989, the legislature passed two amendments, Chapters 84 and 280, to § 5205(c)(2) and related statutes. The Memorandum in Support of Chapter 84 indicates that the purpose of the amendment is "[t]o make the protection of IRAs of qualified retirement plans explicit in order to avoid potential disqualification by bankruptcy judges . . . ." Memorandum in Support, S. 3567; A. 5753, Chapter 84 (1989).[11] Similarly, the Memorandum of Assemblyman Sheldon Silver makes clear that Chapter 280 was introduced to "counter the increasingly callous manner with which bankruptcy courts [were] including qualified plan interests as assets available to bankruptcy creditors . . . ." Memorandum of Assemb. Sheldon Silver, N.Y. Legislative Annual 158–59 (1989). Assemblyman Silver's Memorandum also indicates that the purpose of the amendment was to "advance[] the interests of New York retirement plan participants by ensuring that *their retirement benefits* are fully protected . . . ." *Id.* (emphasis added). Without such an amendment, "citizens concerned about protecting *their retirement benefits* have an incentive to relocate in a state that has adopted [a] more explicit statute." *Id.* (emphasis added).

Consistent with this reasoning, § 5205(c)(2) was amended in 1994 to specifically include IRAs. *See Iacono*, 120 B.R. at 695 (holding that IRAs were not exempt because the legislature had chosen not to specifically include IRAs in its 1989 amendment of § 5205(c)(2)). As with the 1989 amendments, the purpose of the 1994 amendment was to "provide protection to individuals

---

[11] This Memorandum is available for viewing at the New York State Archives located at 222 Madison Avenue, Albany, New York, 12230.

who establish IRA accounts *for their retirement*." N.Y. State Senate Introducer's Memorandum in Support, S. 4244-A; A. 6806-A (1994).[12] The legislative history of these amendments makes clear that the purpose of § 5205(c)(2) is to protect individuals' accounts established *for their retirement*.

*The Inherited IRA is Not "Qualified"*

The question becomes whether reading "qualified" to include inherited IRAs would be consistent with the legislature's intent to protect individuals' savings for retirement. The funds within inherited IRAs are traceable only to the decedents that established the IRAs. *Branit*, 41 N.E.3d at 524; *In re Taylor*, 2006 Bankr. LEXIS 755, at *5 (Bankr. C.D. Ill. May 9, 2006). Since inherited IRA holders cannot contribute to the accounts, inherited IRAs may not be used to actively save money for retirement. Moreover, the funds in inherited IRAs may be accessed at any time without penalty. *Jarobe*, 365 B.R. at 725; *Branit*, 41 N.E.3d at 524 (holding that an inherited IRA "is merely a discretionary fund, no different from a checking account"); *In re Klipsch*, 435 B.R. 586, 589 (Bankr. S.D. Ind. 2010) ("Inherited IRAs are liquid assets that the beneficiary may access at any time without penalty and that the beneficiary must take as income without regard to retirement needs."). Additionally, as set forth in greater detail above, inherited IRA holders are under an obligation to draw down their accounts. *See* 26 U.S.C. §§ 401(a)(9)(B)(ii), 408(a)(6).

For all of these reasons, exempting funds that have not been saved by individuals for their retirement would be fundamentally inconsistent with the statute's purpose and would not alleviate the legislature's concerns regarding relocation. Therefore, the word "qualified" cannot be read to mean any trust which meets the requirements of § 408(a) as such a reading would result in inherited IRAs being exempt. *See Beretta*, 524 F.3d at 400–01 ("[W]here . . . examination of [a] statute as

---

[12] This Memorandum is also available for viewing at the New York State Archives.

a whole demonstrates that a party's interpretation would lead to absurd or futile results . . . plainly at variance with the policy of the legislation as a whole, that interpretation should be rejected.") (quotations omitted). Instead, "qualified" should be read in a manner consistent with the statute's purpose – to include only accounts which receive the same tax treatment as accounts established by individuals for their retirement, rendering inherited IRAs not exempt. While the Court is cognizant that exemptions are to be liberally construed in favor of the debtor, reaching any other conclusion would expand the exemption directly against the intent of the legislature. *Cf. In re Keil*, 88 F.2d 7, 8 (2d Cir. 1937); *In re Moore*, 177 B.R. 437, 441 (Bankr. N.D.N.Y. 1994).

If the New York legislature intended to exempt inherited IRAs it could have, like other state legislatures, specifically provided for inherited IRAs in the statute.[13] This Court's holding is in line with the reasoning of other courts which have found inherited IRAs to not be exempt pursuant to other statutes. *See Clark v. Rameker,* 134 S. Ct. 2242, 2247 (2014) (concluding "that funds held in such accounts are not objectively set aside for the purpose of retirement"); *Branit*, 41 N.E.3d at 524 ("Simply put, an IRA has literally nothing to do with retirement once it achieves the status of an inherited IRA . . . ."); *Klipsch*, 435 B.R. at 589 ("The public policy considerations which support protecting debtor's retirement savings do not exten[d] to inheritances."); *In re Everett*, 520 B.R. 498 (E.D. La. 2014) ("Because the inherited IRA is a liquid asset rather than a retirement fund, the Court finds the purpose of protecting [the Debtor] from being reduced by financial misfortune to absolute want is not served by allowing [the Debtor] to claim the inherited IRA as exempt."); *In re Navarre*, 332 B.R. 24, 30 (Bankr. M.D. Ala. 2004) ("To put the matter plainly, an inherited IRA is not the same as an IRA, and for this reason it is not exempt."). For all

---

[13] The Court is aware of the following state statutes which specifically exempt inherited IRAs: Alaska Stat. § 09.39.017(a); Ariz. Rev. Stat. Ann. § 33-1126(B); Fla. Stat. § 222.21(c); Mo. Stat. Ann. § 513.430.1(10)(f); N.C. Gen. Stat. § 1C-1601(a)(9); Ohio Rev. Code. Ann. § 2329.66(A)(10)(e); Tex. Prop. Code. Ann. § 42.0021(a).

11

of these reasons, the Court concludes that the Debtor's inherited IRA is not qualified, within the meaning of § 5205(c)(2), as an IRA under § 408.

*In re Andolino*

The Debtor largely relies on *In re Andolino*, 525 B.R. 588 (Bankr. D.N.J. 2015) to argue that the inherited IRA is exempt under New York law. In that case, the court held that an inherited IRA was not property of the estate because it constituted a "qualifying trust" pursuant to New Jersey's exemption statute. *Id.* at 594. The court reached this conclusion on the grounds that the IRA met the requirements of § 408(a) at the time it was created and continued to meet the requirements after the decedent's passing. *See id.* at 592. In doing so, *Andolino* reads "qualifying trust" to mean all accounts which meet the § 408(a) definition of IRA. *Andolino's* holding is not applicable to the instant case since the inquiry of whether an account is "qualified" as an IRA under New York law does not end at whether the account meets the § 408(a) definition of IRA. Instead, as explained in detail above, the New York statute does not exempt all § 408(a) IRAs, only those which receive the same treatment as those IRAs established by individuals for their retirement.

III.    The inherited IRA is property of the estate pursuant § 541(a)

The Debtor argues that the inherited IRA must be excluded from property of the estate pursuant to § 541(c)(2) on the ground that it is a § 5205(c)(3) spendthrift trust. However, for the Debtor to succeed, the inherited IRA must fall within § 5205(c)(2) to be considered a § 5205(c)(3) spendthrift trust. This argument fails since the Court has already concluded that the inherited IRA does not fall within § 5205(c)(2). Similarly, to the extent that it can be said that the Debtor argues that the inherited IRA is excluded from the estate as a trust under § 5205(c)(1), the Debtor also does not prevail as the Court has ruled that the inherited IRA is not a § 5205(c)(1) trust. For all of

these reasons, the inherited IRA is not excluded from property of the estate pursuant to § 541(c)(2).

## CONCLUSION

For all of the foregoing reasons, the Debtor's exemption of her inherited IRA is disallowed and the inherited IRA is property of the estate.

It is SO ORDERED.

Dated: March 23, 2018　　　　　　　　　　　　　　　　/s/ Robert E. Littlefield, Jr.
　　　　Albany, New York　　　　　　　　　　　　　　Robert E. Littlefield, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge