UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:   Laurie A. Todd,                                                Case No. 15-11083
                                                                       Chapter 7
                                  Debtor.

_____

APPEARANCES:

Laurie A. Todd, *Pro Se*
*Debtor*
7838 Mimosa Drive
Port Richey, FL 34668

The Dribusch Law Firm                                      Christian H. Dribusch, Esq.
*Attorneys for the Chapter 7 Trustee*
1001 Glaz Street
East Greenbush, NY 12061

McElroy, Deutsch, Mulvaney & Carpenter, LLP               Kevin S. Brotspies, Esq.
*Attorneys for Endurance American Insurance Company*
88 Pine Street, 24th Floor
New York, NY 10005

Robert E. Littlefield, Jr., United States Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

The two matters before the Court are remands from the United States District Court

("USDC").  Because the matters present an identical question of law, the Court will consolidate

the issues for purposes of a decision.  The common question is whether Laurie A. Todd ("Todd"

or "Debtor") has shown "excusable neglect" to satisfy the requirement of Federal Rule of

Bankruptcy Procedure 8002(d)(1)(b).  The Court has jurisdiction pursuant to 28 U.S.C. §§

157(a), (b)(1), (b)(2)(I) and (J), and 1334(b).

## BACKGROUND

The Court presumes the parties are very familiar with the torturous landscape of this case in general and the specifics of these two decisions ("Decisions").  To briefly summarize, Todd has been in litigation with Endurance American Insurance Company ("Endurance") for years involving liability on a personal guarantee of a corporate obligation.  After dueling with Endurance in state court, Todd filed a chapter 11 petition in 2015.  The case was converted to chapter 7 in 2018 for cause.

Prepetition, Todd's mother left her a sizable bequest in the form of an inherited individual retirement account ("IRA").  Todd claimed it as exempt citing New York law.  Upon objection by Endurance, the Court denied the exemption and was affirmed on appeal.  Meanwhile, Todd amended her petition to claim the IRA exempt under Florida law.  Christian H. Dribusch, the Chapter 7 Trustee ("Trustee") assigned to the case, objected.  After a trial, the Court denied Todd's amended exemption on December 23, 2019.

Running alongside the amended exemption controversy is the Debtor's objection to Endurance's proof of claim.  On December 23, 2019, the Court granted in part and denied in part Todd's objection.  The same day, the Bankruptcy Court Clerk's Office ("Clerk's Office") entered Certificates of Mailing for both Decisions and sent them to Todd's New York and Florida addresses.   Todd filed Notices of Appeal ("Notices") regarding both Decisions on January 10, 2020.   On January 16, 2020, Todd filed a letter motion ("Motion") with the USDC requesting a finding that her tardiness was the result of excusable neglect thus allowing an extension of time to file her appeals.[1]

---

[1] The Debtor also filed a copy of the Motion in this Court.  (ECF No. 482.)

On March 24, 2020 the USDC issued Summary Orders covering both Decisions remanding the matters on appeal "for the limited purpose of determining whether Todd has established excusable neglect within the meaning of rule 8002(d)(1), and, concomitantly, whether the time to appeal should be extended."

This Court entered an order on March 30, 2020 which granted the Trustee and Endurance until April 10, 2020 to file a brief opposing the Debtor's request.  Todd was given until May 1, 2020 to file a reply.  The Trustee filed opposition on April 3, 2020 and Endurance filed a Brief in Support of the Trustee's Objection on April 10, 2020.  Todd filed a reply ("Reply") on May 1, 2020.

## ARGUMENTS

In its Summary Orders, the USDC outlined the Debtor's four arguments raised in her Motion: "(1) she was not notified of Bankruptcy Court's Order until December 24, 2019, which impinged her ability to obtain counsel during the holidays; (2) she currently resides[2] in Florida and is assisting her son, who underwent surgery; (3) Bankruptcy Court was closed on December 24 and 25, and 31, 2019 and January 1, 2020; and (4) she advised staff in the Clerk's Office that the 'first available flight . . . to travel back to New York and enter the Appeal was January 10, 2020.'"  In opposition, the Trustee and Endurance argue that the Debtor's four arguments fall far short of meeting the high standard for excusable neglect.  In her Reply, the Debtor augments her initial four arguments in several respects and advances, for the first time, a fifth reason for missing the deadline in which the Debtor places blame squarely on Attorney Sandra Poland Demars ("Attorney Demars") for abandoning her.[3]

---

[2] This is how the District Court summarized the Debtor's reasons for her delay at the time that the Decisions were entered.  The Court is not making any finding regarding where the Debtor resides at the time of this decision.
[3] Although neither the Trustee nor Endurance had the opportunity to consider this new issue, given the Debtor's *pro se* status, the Court will address this argument.

## DISCUSSION

### I. Federal Rule of Bankruptcy Procedure 8002

Under Federal Rule of Bankruptcy Procedure 8002(a), "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."[4]  Fed. R. Bankr. P. 8002(a)(1).  However, a "bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed within 21 days after that time, if the party shows excusable neglect."  Fed. R. Bankr. P. 8002(d)(1)(B).  Here, the Debtor filed the Motion to extend time to appeal on January 16, 2020.

### II. Excusable Neglect and the Pioneer Test

In *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 395 (1993), the Supreme Court applied a multifactor test for excusable neglect under Federal Rule of Bankruptcy Procedure 9006.  Since then, courts have extended the *Pioneer* test to Rule 8002's excusable neglect analysis.  *Xuchang Rihetai Human Hair Goods Co. v. Hongjun Sun (In re Hongjun Sun)*, 323 B.R. 561, 565–66 (Bankr. E.D.N.Y. 2005).  *But see In re Mowers*, 160 B.R. 720, 723–24 (Bankr. N.D.N.Y. 1993) (refusing to extend the *Pioneer* test to analyze excusable neglect under Federal Rule of Bankruptcy Procedure 8002).  The moving party has the burden to show excusable neglect.  *Hongjun Sun*, 160 B.R. at 563.  The *Pioneer* factors are "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."  *Bass v. NYNEX*, 02 CIV. 5171, 2004 U.S. Dist. LEXIS 23703, at *6 (S.D.N.Y. Nov. 19, 2004) (quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 363 (2d Cir. 2003)).  However, "[t]he most important

---

[4] The Debtor's time to appeal expired on January 6, 2020.

4

factor in determining whether excusable neglect exists is the 'reason for the delay'" and the other

three *Pioneer* factors "are significant only in close cases." *Lehr Constr. Corp. v. Flaxer*, 16-cv-

4048, 2017 U.S. Dist. LEXIS 15047, at *7 (S.D.N.Y. Feb 2, 2017); *Williams v. KFC Nat. Mgmt.

Co.*, 391 F.3d 411, 415–16 (2d Cir. 2004).  The Court will focus its analysis on the Debtor's

reasons for her delay.

### III. The Debtor's Reasons for Delay Do Not Constitute Excusable Neglect

As discussed below, none of the Debtor's five reasons establish excusable neglect under

Rule 8002.  *See Conway v. Heyl (In re Heyl)*, 609 B.R. 194, 200–01 (B.A.P. 8th Cir. 2019)

(affirming the bankruptcy court's decision that the *pro se* party failed to establish excusable

neglect when he cared for his ill out-of-town mother; he lived an unspecified distance from the

bankruptcy court; he claimed his circumstances made it difficult to find new counsel; and the

time to appeal occurred during the end-of-year holidays).

> *1. Although the Court entered the Decisions on December 23, 2019, Todd asserts that she did not have personal knowledge of the Decisions until December 24, 2019, which affected her ability to obtain counsel during the holidays.*

The Clerk's Office entered the Decisions on December 23, 2019 and Todd admits that

she received notice on December 24, 2019.  Pursuant to Rule 8002, the appeal time runs from

entry of an order and not from when a party receives notice. Fed. R. Bankr. P. 8002(a). "Late

notice—or even lack of notice—does not toll the time for appeal." *Enterzari-Ullah v. Columbia

Condo. (In re Enterzari-Ullah)*, 17 CIV. 8971, 2018 U.S. Dist. LEXIS 27007, at *4 (S.D.N.Y.

Feb. 15, 2018).  "[T]he prospective appellant has the duty of following the progress of the action

and advising [herself] when the court makes an order [she] wishes to protest." *Id.* (quoting from

*In re Taylor*, No. 08 Civ. 2833, 2008 U.S. Dist. LEXIS 70500, at *1 (E.D.N.Y. Aug. 29, 2008)).

Here, Todd had thirteen days out of the fourteen-day time period to appeal from when she received notice on December 24, 2019. As a practical matter, Todd received notice earlier than most *pro se* debtors who ordinarily receive notice through regular mail which may often take three to four days to arrive. If receiving notice one day after an order is entered constitutes excusable neglect, then almost all *pro se* debtors could establish excusable neglect in every case regarding every order entered and Rule 8002's fourteen-day appeal time would merely serve as a suggestion. This is an impermissible application of the rule as *pro se* debtors are not to be excused from Rule 8002's time requirements based on just their *pro se* status. *See In re Kwong*, No. 3:17-cv-00496, 2017 U.S. Dist. LEXIS 94577, at *7 (D. Conn. June 20, 2017); *Cmty. Fin. Servs. Bank v. Edwards (In re Edwards)*, No. 17-8028, 2018 Bankr. LEXIS 1623, at *19–21 (B.A.P. 6th Cir. June 5, 2018) (affirming a bankruptcy court's decision that a *pro se* debtor failed to show excusable neglect when he had difficulty finding an attorney; worked out-of-town as an airline pilot; and had received notice one day after the judgment had been entered).

In her Reply, the Debtor states she spent many hours contacting more than forty prospective attorneys trying to find counsel. Through her own recitation of her actions during the appeal time period, three things are clear. First, despite her assertion that she was caring for her son, the Debtor was able to devote an exorbitant amount of time endeavoring to retain new counsel. Second, based on her inability to retain counsel even after allegedly communicating with forty attorneys, the Debtor's *pro se* status must be due to factors other than time. Indeed, it is now more than four months after the appeal time expired and the Debtor is still proceeding without an attorney – time is not the Debtor's obstacle to retaining new counsel. Third and finally, the Debtor could have utilized just a few of the many hours she spent looking for counsel on preparing the Notices and filing them with the Court. Although the Court appreciates that the

Debtor is not an attorney, the Debtor filed Notices on her own, albeit untimely. For all of these

reasons, receiving notice of the Decisions one day after entry does not amount to excusable

neglect.

> 2. *The Debtor's reason that she resides in Florida and is assisting her adult son does not constitute excusable neglect.*

Although Todd claims that she needed to care for her adult son who underwent a surgery

in Florida, "[i]llness or disability alone does not establish excusable neglect." *Flaxer*, 2017 U.S.

Dist. LEXIS 15047, at *12. Some courts have found excusable neglect when the illness or

disability is sudden, unexpected, and catastrophic. *Id.* at *13; *Local Union No. 12004, USW v.*

*Massachusetts*, 377 F.3d 64, 72 (1st Cir. 2004) (affirming a district court decision to grant an

extension of time when an attorney needed to care for his severely ill infant child and opposing

counsel did not file any opposition to the extension of time); *Allied Domecq Retailing USA v.*

*Schultz (In re Schultz)*, 254 B.R. 149, 152, 154–55 (B.A.P. 6th Cir. 2000) (finding excusable

neglect for an attorney who "was suddenly and unexpectedly preoccupied with the physical and

psychological care of his extremely ill wife" who had been diagnosed with ovarian cancer for the

second time); *J.P. Fyfe, Inc. v. Bradco Supply Corp.*, 96 B.R. 479, 483–84 (D. N.J. 1989)

(finding excusable neglect under Federal Rule of Appellate Procedure 4(a)(5) when the attorney

had become so ill that she could not physically speak on the telephone).

Although the Court is sympathetic toward the Debtor's son's condition, caring for him

during the appeal time in December and January was not sudden, unexpected, or catastrophic.

*Flaxer*, 2017 U.S. Dist. LEXIS 15047, at *13. Here, the Debtor's son had surgery on November

14, 2019, which was fifty-three days before Todd's final day to appeal on January 6, 2020.

(Motion at 4.) Todd's situation is analogous to the *pro se* parties' circumstances in *In re Heyl*

where one of the parties cared for his ill out-of-town mother when the appeal time fell during the

end-of-year holidays. *Heyl*, 609 B.R. at 200–01. Therefore, caring for her son under these
circumstances does not rise to the extraordinary level where courts have found that an illness or
disability establishes excusable neglect.

> 3. *The Clerk's Office closure on December 24 and 25, and 31, 2019 and January 1, 2020
> does not constitute excusable neglect.*

The Clerk's Office closure on December 24 and 25, and 31, 2019 and January 1, 2020
does not constitute excusable neglect. "The holiday period between Christmas and New Year's
Day is a readily anticipated annual affair and legal deadlines invariably continue to fall due."
*Farris v. Shinseki*, 762 F. Supp. 2d 141, 150 (D. Me. 2011) (refusing to apply equitable tolling to
a Title VII claim when a deadline fell between Christmas and New Year's Day). Here, Todd had
notice of the Decisions on December 24, 2019, which provided her with ample time to file the
appeals on or before January 6, 2020. (Motion at 1); *see Sheedy v. Bankowski (In re Sheedy)*,
875 F.3d 740, 745 (1st Cir. 2017) (refusing to grant an extension of time when an attorney
"provided no reason why counsel could not have fulfilled his legal obligation during the first
week of the two-week filing deadline" even though "important religious holidays of the last
week occupied [counsel's] full attention"). In addition, the Chief Bankruptcy Judge signed her
order closing the Clerk's Office on November 9, 2019, which was fifty-eight days before Todd's
last day to file an appeal on January 6, 2020. Although the Clerk's Office was closed four days,
Todd had ample time to appeal on or before January 6, 2020. Thus, the Clerk's Office closure
does not amount to excusable neglect.

> 4. *Todd's assertion that she told the Deputy Clerk that the "first available flight…to
> travel back to New York and enter the Appeals" on January 10, 2020 does not
> constitute excusable neglect.*

The Debtor asserts that the earliest she could travel back from Florida to New York to
appeal was January 10, 2020. In her Reply, she clarifies that she believed she had to file her

Notices in person because she did not have an attorney to electronically file them on her behalf. To the contrary, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Court's local rules do not require *pro se* debtors to file any documents with the Court in person. *See Domazet v. Willoughby Supply Co.*, No. 1:14-cv-1455, 2015 WESTLAW 4205279, at *3 (N.D.N.Y. July 10, 2015).  The only requirement pursuant Local Bankruptcy Rule 5005-1(a)(2) is that *pro se* filers must file in paper format.  In addition to personally filing a document at the Clerk's Office, this may be accomplished through regular mail or other delivery service.

Further, "[b]ankruptcy courts do not normally treat being out of town as a unique or extraordinary circumstance" when analyzing excusable neglect under Federal Rule of Bankruptcy Procedure 8002.  *Duncan v. Washington*, No. 93-1171, 1994 U.S. App. LEXIS 12708, at *5 (6th Cir. May 27, 1994).  Todd fails to explain why her travel plans took priority over "the legal requirements necessary to take an appeal." *Chiulli v. IRS*, 03 Civ. 6670, 2005 U.S. Dist. LEXIS 22415, at *7 (S.D.N.Y. Sept. 21, 2005).  "Indeed, if personal preference or convenience were sufficient to take priority over the deadlines set in the Federal Rules of [Bankruptcy] Procedure, all deadlines would become meaningless." *Id.*  Therefore, Todd's reason that she was out of town and wanted to file in person does not constitute excusable neglect.

   5.  *Attorney Poland Demars abandoned the Debtor on December 24, 2019.*

In her Reply, the Debtor claims Attorney Demars unexpectedly stopped serving as her attorney after notifying her of the Court's Decisions.  However, the Debtor never expressly states that she expected Attorney Demars to represent her through these appeals.  From the Court's perspective, the Debtor has been *pro se* since the Court granted her prior counsel's motion to withdraw as attorney with the exception of being represented by Attorney Demars in the context

9

of one hearing on a particular motion in July 2019.  Attorney Demars never filed a Notice of

Appearance or other pleading on behalf of the Debtor after that hearing.  As such it is difficult to

accept the Debtor's argument that she was abandoned by counsel.  However, even if she had

been abandoned, the law is clear that abandonment by counsel does not constitute excusable

neglect for the Debtor.  *See Larson v. Bayer*, 558 B.R. 722, 741 (E. D. Pa. 2016) ("[A] lawyer's

abandonment of the client ends the agency relation. Abandonment leaves the client responsible

for its own conduct, but not for the lawyer's—and then the question becomes whether the

litigant's conduct constituted excusable neglect.") (quoting *Moje v. Federal Hockey League*,

*LLC*, 792 F.3d 756, 758 (7th Cir. 2015) (Easterbrook, J.)).  To the extent counsel disengages,

rightly or wrongly, a Debtor is merely back to being a *pro se* litigant charged with complying

with all relevant rules and procedures.  *See id.*  For these reasons, the Debtor's new argument

does not amount to excusable neglect even if the Debtor was "abandoned" by counsel.

After analyzing the Debtor's five reasons for her delay, the Court finds that the Debtor

has offered no reason that constitutes excusable neglect.  "[T]he equities will rarely if ever favor

a party who fails to follow the clear dictates of a court rule," and "that where the rule is entirely

clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course,

lose under the *Pioneer* test."  *Silivanch*, 333 F.3d at 366–67.  Here, Federal Rule of Bankruptcy

Procedure 8002 is clear.  "[F]ile a notice of appeal within 14 days, ask for an extension within

that window, or be prepared to show excusable neglect."  *George v. Hampton Ventures, LLC (In*

*re Hampton Ventures, LLC)*, Case No. 18-21217, 2019 Bankr. LEXIS 1151, at *5 (Bankr. Conn

Apr. 10, 2019).  Since the Debtor has not shown excusable neglect, Todd's time to appeal the

Decisions shall not be extended.

#### IV. The Remaining Pioneer Factors Weigh Against the Debtor

Although this matter is not a close case, the Court finds the other *Pioneer* factors weigh against the Debtor as well.

*Prejudice to the non-moving party*

The prejudice to the Trustee and creditors in this five-year old case is significant because any further delay prevents administration of the estate's assets.  Additionally, this delay resulted in a significant decrease in the inherited IRA's value due to the coronavirus pandemic market crash and, given the uncertainty within the financial markets due to the ever-evolving pandemic, may continue to depreciate.

*Length of delay*

While the Debtor filed her motion only four days after the appeal time expired, the impact on the judicial proceeding, as explained above, is substantial as the assets of the estate have diminished in value and the case remains stagnant four months later.  Even at this juncture, based on the Court's experience with case administration over the last twenty-five years, this five -year old current chapter 7 - former chapter 11 - is languishing without resolution for years longer than the vast majority of cases of either chapter.

*Good faith*

Finally, the Court questions the Debtor's motivations for the motion to extend time to appeal as she admits in her motion that she relocated to Florida after she filed her bankruptcy petition.  Her domicile before the filing of the bankruptcy case was the central issue of one of the two Decisions and at trial she attempted to establish that she was domiciled in Florida more than two years prior to her bankruptcy filing.  In this Motion it appears she concedes that her

11

testimony at trial regarding establishing a home in Florida years before her bankruptcy case was misleading at best and that this Motion is just another attempt to further delay her case.

Therefore, the three remaining *Pioneer* factors, also support a finding that the Debtor has not established excusable neglect.

### V. Conclusion

For all the foregoing reasons, the Debtor has not shown excusable neglect and her time to appeal is not extended.

It is SO ORDERED.

Dated: May 29, 2020                                    /s/ Robert E. Littlefield, Jr.

     Albany, New York                          Robert E. Littlefield, Jr.

                                          United States Bankruptcy Judge