UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:  Laurie A. Todd,                                                                  Case No. 15-11083
                                                                                                         Chapter 7
                  *Debtor*.

_____

APPEARANCES:

Michael Todd
*Pro se Creditor*
341 Miller Road
Hudson, New York

Christian H. Dribusch, Esq.
*Ch. 7 Trustee*
187 Wolf Road, Suite 300-20
Albany, NY 12205

Nicole Leonard, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
*Attorneys for Endurance American Insurance Company*
225 Liberty Street, 36th Floor
New York, New York 10281

Hon. Robert E. Littlefield, Jr., United States Bankruptcy Judge

**DECISION AND ORDER**

The current matter before the Court is an objection by Christian Dribusch, Esq., the Chapter 7 Trustee (the "Trustee"), to the claim (the "Claim") filed by Mr. Michael E. Todd ("Mr. Todd"). The Court has jurisdiction pursuant to 28 USC 157(a), (b)(1), (b)(2)(F) and 1334.

**FACTS**

The pertinent facts are simple. The Debtor commenced this proceeding by filing a voluntary, "bare bones" Chapter 11 proceeding on May 20, 2015. (ECF No.1). On June 2, 2015, the Debtor filed certain schedules. (ECF No. 19). In "Schedule A – Real Property," the Debtor

-1-

lists two parcels. The first is 341 Miller Road, Hudson, New York (the "New York Property"). The Debtor claims the New York Property as her residence and lists it as jointly owned with Mr. Todd, her husband, as tenants by the entirety. *Id.* The second property is located at 7838 Mimosa Drive, Port Richie, Florida (the "Florida Property"). According to the petition, the Debtor solely owned the Florida Property. When questioned by her attorney, "[D]o you own [the Florida Property]?" The Debtor answered, under oath, "Yes." (ECF No. 425 at 2). When asked "Does anybody else have an interest in [the Florida Property]?" The Debtor simply stated "No." *Id.* at 3.

On March 21, 2018, the United States Trustee ("UST") moved to have a § 1104 Trustee appointed. (ECF No. 246). On July 26, 2018, the Court granted the UST's request. (ECF No. 319). By Order dated August 2, 2018, Christian H. Dribusch, Esq. was appointed § 1104 Trustee. (ECF No. 324). On August 15, 2018, Trustee Dribusch moved to convert the proceeding to one under Chapter 7. (ECF No. 336). By Order dated August 20, 2018, the case was converted with Trustee Dribusch being designated the Chapter 7 Trustee. (ECF No. 348).

After years of litigation and appeals, on December 6, 2021, the Trustee moved to sell the Florida Property. (ECF No. 599). The Debtor did not oppose the sale but indicated that Mr. Todd is entitled to a portion of the proceeds because he had put significant funds into the maintenance of the household. (ECF No. 604). The Court approved the sale of the Florida Property on January 6, 2022. (ECF No. 606).

On January 31, 2022, the Trustee filed a statement of sale indicating the sale price of the Florida Property was $180,000.00, with seller concessions of $19,670.36, resulting in $160,329.64 being brought into the estate. (ECF No. 607). On June 24, 2022, Mr. Todd filed an unsecured proof of claim for $90,000.00. (Claim No. 10-1). The basis for the claim is Mr. Todd's

alleged one-half interest in the sale proceeds of the Florida Property.[1] The claim was first amended on June 27, 2022, to include evidence of a purported contract of sale for the Florida Property in which Mr. Todd and the Debtor are listed as buyers.[2] (Claim No. 10-2). However, there was no change to the Claim's status as unsecured. On September 7, 2022, the claim was again amended to secured status. (Claim No. 10-3). On November 3, 2022, the Trustee objected to the amended claim (the "Objection").[3] (ECF No. 640). No formal response to the Objection was filed by Mr. Todd.[4]

On January 18, 2023, the Court sustained the Objection in part by reclassifying the Claim as general unsecured. (ECF No. 646). However, the Court reserved the question of whether Mr. Todd would be entitled to any funds from the sale of the property based upon an equitable lien theory. After a complete review of the documentation submitted, the matter was restored to the calendar on August 23, 2023, with a hearing to be held on September 13, 2023. (ECF No. 750). At the hearing, the Court offered Mr. Todd a final opportunity to submit documentary evidence in support of an equitable lien by October 11, 2023, and adjourned the matter to October 18, 2023. (ECF No. 751). On October 11, 2023, Mr. Todd filed a response to the Objection. (ECF No. 752). The matter was fully before the Court on October 11, 2023.

## DISCUSSION

In New York, "[a]n equitable lien is a 'right not recognized by law to have a fund or specific property applied to the payment of a particular debt and is based upon the older

---

[1] Per the Report of Sale (ECF No. 607), the real property sale closed on January 28, 2022, and generated net sale proceeds of $160,329.64. One-half of the net sale proceeds is therefore $80,164.82.

[2] It is unclear why the transaction ultimately omitted Mr. Todd.

[3] The Objection sought to expunge the claim. However, at a hearing on the matter the Trustee stated he did not object to the claim remaining filed as long as the claim would be reclassified as unsecured. ECF No. 646 at 3:55.

[4] Opposition to the Objection was filed by the Debtor on November 30, 2022. (ECF No. 643).

-3-

equitable doctrine of unjust enrichment.'" *In re Tri-Way Sec. & Escort Service, Inc.*, 114 B.R. 24, 26 (E.D.N.Y. 1990) (citations omitted). An "equitable lien will only arise where 'an intention to create such a charge clearly appear[s] from the language and the attached circumstances. Strict proof of such intention is required'" *Id.* (quoting *Pennsylvania Oil P.R. Co. v. Willrock Producing Co.*, 267 N.Y. 427, 434-35 (1935)); *See also In re Novak* 354 B.R. 611, 617 (Bankr. E.D.N.Y. 2006), *In re Cedar Funding, Inc.* 408 B.R. 299 (Bankr. N.D. Ca. 2009).

The initial submission in opposition to the Trustee's motion was filed by the Debtor. (ECF No. 643). This submission contained various documents regarding Florida law. *Id.* However, also attached was a copy of the cancelled check in the amount of $1,260.00 that was used to make the downpayment on the Florida property. *Id*. The check was drawn on the joint account of the Debtor and Mr. Todd. *Id.*

Subsequent opposition to the Trustee's objection was also filed by the Debtor. (ECF No. 669). In these pleadings, she indicates, "under Florida law my spouse by operation of law had a one-half interest in the home. I thought the Florida State Statute was clear and convincing that in my bankruptcy he still owned one-half of the home even though his name was not on the deed." *Id*. at 1. The Debtor relies heavily upon certain Florida statutes and the Florida Constitution. This submission provides nothing establishing an equitable lien on behalf of Mr. Todd. The Florida statutes primarily pertain to property distribution in marital dissolution cases. The Florida Constitution refers to homestead property and exemptions.[5]

The next submission was also filed by the Debtor on behalf of Mr. Todd. (ECF No. 724). This "pleading" simply indicates, "Mr. Todd's half of the home the trustee sold over a year ago is being held in my bankruptcy estate…Everything I have found only says the trustee will take

---

[5] The Florida Property is not the homestead as defined by the Florida Constitution.

the debtors portion and non-filing spouse receives his. He wants his portion now." *Id*. Mr. Todd signed the document but did not provide any additional information. *Id.*

The New York State Court of Appeals has determined, "[a] party's 'mere expectation, however sincere is insufficient to establish an equitable lien.'" *M & B Joint Venture Inc. v. Laurus Master Fund, LTD.* 12 N.Y.3d 798, 800 (2009) (internal citations omitted). Therefore, Mr. Todd's earnest belief that he is entitled to one-half of the net proceeds is not sufficient to establish an equitable lien.

Finally, on October 11, 2023, Mr. Todd filed a plethora of papers arguing that they establish he had equity in the property. (ECF No. 752). Once again, the "pleadings" are copies of information that appear on the internet and discuss general property rules in Florida and New York. *Id*. Thus, this pleading does not support the imposition of an equitable lien on the proceeds of the sale of the Florida Property. As noted, "'[t]he existence of an equitable lien requires an express or implied contract concerning specific property. . . It is equally well settled that an agreement does not operate to create an equitable lien…'". *In re Conte*, Case No. 11-77836, 2012 Bankr. LEXIS 2320, at *6 (Bankr. E.D.N.Y. May 21, 2012) (quoting *Datlof v. Turetsky*, 111 A.D.2d 364, 365 (N.Y. App. Div.2d Dep't 1985)).

## CONCLUSION

The copy of the check for the downpayment clearly paid out of a joint checking account is the only evidence provided to establish an equitable lien. The Florida and New York property and divorce laws do not establish same. Based upon the facts and circumstances of this case as well as the proof submitted in this matter, the Court finds there is sufficient evidence to partially grant Mr. Todd's claim in the amount of one-half[6] of the downpayment. (ECF No. 643). *See*

---

[6] The issued check was for the value of $1,260.00. One-half of the value of the check is therefore $630.00.

*Mendelsohn v. Roslyn, LLC* (*In re Leff*), 631 B.R. 106, 121 (Bankr. E.D.N.Y. 2021) (quoting *Parry v. Parry*, 93 N.Y.S.2d 616, 619 (N.Y. App. Div. 4th Dep't 1983)).

For the reasons stated, the Trustee is directed to disburse $630.00 from the proceeds of the Florida Property sale to Mr. Todd.

Dated: November 1, 2023
Albany, New York

    /s/  Robert E. Littlefield, Jr.
Robert E. Littlefield, Jr.
United States Bankruptcy Judge